## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANTHONY WASHINGTON,<br>TDCJ No. 1458201, | §<br>§<br>§ | |
| Petitioner, | §<br>§ | |
| V. | §<br>§ | CIVIL NO. SA-15-CA-62-DAE (HJB) |
| WILLIAM STEPHENS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division, | §<br>§<br>§<br>§ | |
| Respondent. | §<br>§ | |

### ORDER OF DISMISSAL

The matter before this Court is a federal habeas corpus action brought by Petitioner Anthony Washington ("Petitioner") pursuant to 28 U.S.C. § 2254. Petitioner is currently an inmate at the TDCJ's Hughes Unit in Gatesville, Texas, and challenges his loss of recreation, commissary restriction, and reduction in line classification resulting from TDCJ prison disciplinary case no. 20120118499, brought against Petitioner when he was an inmate at the TDCJ's John B. Connally Unit in Kenedy, Texas. For the reasons set forth below, Petitioner's federal habeas corpus petition will be dismissed.

### I. Background

In his federal habeas corpus petition, petitioner alleges (1) he was charged in TDCJ prison disciplinary cause no. 20120118499 with possession of dangerous contraband and found guilty on January 17, 2012 and (2) as a result of his conviction, he suffered fifteen days of recreation restriction, lost forty-five days of commissary privileges, had his line class status reduced to class three, and his custody level reduced from G5 to Admin. Segreg. level three. Petitioner argues

that (1) there was insufficient evidence to support the disciplinary hearing officer's finding of guilt because Petitioner's cellmate advised prison officials that the contraband was his; (2) Petitioner was denied the opportunity to attend his hearing and to present a defense; (3) investigative officers failed to properly investigate the charge against petitioner, including failing to interview petitioner and petitioner's witnesses; and (4) petitioner has been deprived of his property without due process.

Petitioner's federal habeas corpus petition identifies petitioner's current incarceration as the product of conviction for robbery. The TDCJ's web site also confirms petitioner is serving a 12-year sentence for robbery. Section 508.149(a)(11) of the Texas Government Code provides that TDCJ inmates convicted of robbery are ineligible for release on mandatory supervised release, and petitioner is not therefore eligible for release on mandatory supervision. Tex. Govt. Code Ann. § 508.149(a)(11).

## II. Federal Habeas Corpus Actions Challenging Prison Disciplinary Proceedings

Federal habeas corpus relief under § 2254 is the appropriate remedy when a prisoner seeks to challenge the fact or duration of his physical imprisonment. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002) ("[W]hen a prisoner is eligible for mandatory supervised release, and when prison disciplinary proceedings result in a change in good-time earning status that extends the prisoner's release date, the prisoner's petition challenging such proceedings falls within § 2254."); *Malchi v. Thaler*, 211 F.3d 953, 956 (5th

2

Cir. 2000) (holding that § 2254 was the appropriate vehicle for a Texas prisoner challenging a loss in good conduct time earning status which extended the date for the petitioner's release to mandatory supervision).

It is well-settled that, when a state creates a right to good conduct time credits which reduce the duration of a prisoner's imprisonment and recognizes deprivation of such credits as a sanction for misconduct, the prisoner possesses a real substantial "liberty" interest in the lost credits which is embraced with the Fourteenth Amendment's Due Process Clause. *See Wolff v. McDonnell*, 418 U.S. 539, 557, 563-66 (1974). Petitioner's federal habeas corpus petition, however, does not allege any facts showing that he lost good time credits as a result of prison disciplinary cause No. 20120118499.

Additionally, Petitioner complains only about losses of recreational and commissary privileges and about a reduction in petitioner's classification level. The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Sandin v. Connor*, 515 U.S. 472, 478 (1995); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). The "liberty" interests which are protected by the Due Process Clause are generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause, nonetheless impose atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life. *See Sandin*, 515 U.S. at 484-86 (holding that prisoner's placement in solitary confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (holding that liberty interests protected by the Due Process Clause are generally limited to state created regulations or

statutes which affect the quantity of time rather than the quality of time served by a prisoner).
Petitioner's complaints about the loss of commissary and recreational privileges and his
reduction in line status do not impact the duration of petitioner's imprisonment and do not
implicate any protected constitutional liberty interests. *See Sandin*, 515 U.S. at 484-86 (holding
that prisoner's placement in solitary confinement did not present the type of atypical, significant
deprivation in which a State might conceivably create a liberty interest); *Madison*, 104 F.3d at
767 (holding liberty interests protected by the Due Process Clause are generally limited to state
created regulations or statutes which affect the quantity of time rather than the quality of time
served by a prisoner).

Loss of good conduct time credits by Texas prisoners eligible for release on mandatory
supervised release (both those convicted before and after Texas' September 1, 1996 amendment
to its mandatory supervision statutes) sufficiently affects the duration of their imprisonment as to
warrant Due Process Clause protection. *Teague v. Quarterman*, 482 F.3d 769, 774-77 (5th Cir.
2007). If a Texas prisoner is ineligible for mandatory supervised release, however, there is no
federal constitutional claim for relief. *Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002).
Petitioner is not eligible for mandatory supervised release. Therefore, he is not entitled to relief
under § 2254.

### III. Untimeliness of Petition

According to petitioner's federal habeas corpus petition, TDCJ prison disciplinary action
No. 20120118499 was decided on January 17, 2012. The grievance forms attached to
petitioner's federal habeas corpus petition indicate petitioner's grievances complaining about the

outcome of TDCJ prison disciplinary action 20120118499 were denied at Step One on April 4, 2012 and at Step Two on August 10, 2012.

"Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a state prisoner has one year to file a federal petition for habeas corpus relief, starting from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012) (citations and internal quotation marks omitted). Petitioner's disciplinary action became final, and his limitation period began to run, not later than August 10, 2012, the day petitioner's Step Two grievance was denied. The AEDPA's one-year deadline for the filing of petitioner's federal habeas corpus petition therefore expired on August 10, 2013. Petitioner's federal habeas corpus petition was received by the Clerk of this Court on January 20, 2015.

Pursuant to Title 28 U.S.C. § 2244(d)(1)(D), the AEDPA's one-year statute of limitation commences to run from the latter of the date petitioner's conviction became final and the date the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence. *Manning v. Epps*, 688 F.3d 177, 189-90 (5th Cir. 2012). Petitioner alleges no specific facts showing he was unaware of any of the facts giving rise to his claims herein prior to August 10, 2013.

Petitioner filed his state habeas application not earlier than January 14, 2015, i.e., the date on which petitioner requested the certified copy of petitioner's TDCJ inmate trust account statement which is attached to petitioner's application for leave to proceed In Forma Pauperis (ECF no. 2). Petitioner thus did not file his federal habeas corpus petition within the AEDPA's one-year limitations period. The Supreme Court has made clear that a federal habeas corpus

petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way

and prevented timely filing." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *Holland v.*

*Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner alleges no specific facts showing why he failed to take any action between

August 10, 2012 and January 14, 2015 to present any court with his complaints concerning TDCJ

prison disciplinary action No. 20120118499.  The Supreme Court has held that ordinary

negligence or excusable neglect by a petitioner's attorney does not warrant equitable tolling of

the AEDPA's limitations period. *Holland*, 560 U.S. at 651-52; *Lawrence v. Florida*, 549 U.S.

327, 336-37 (2007).  The Fifth Circuit has repeatedly held that neither excusable neglect nor

ignorance of the law is sufficient to justify equitable tolling.  *See Sutton v. Cain*, 722 F.3d 312,

316 (5th Cir. 2013); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied*, 539 U.S.

918 (2003); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002), *cert. denied*, 538 U.S. 947

(2003).

Petitioner has alleged no facts showing that any equitable basis exists for excusing

petitioner's failure to timely file his federal habeas corpus application.  Petitioner alleges no facts

showing he demonstrated diligence in pursuing federal habeas corpus relief premised upon the

grounds included in petitioner's federal habeas corpus petition in this Court.  The grounds raised

by petitioner are premised exclusively upon events of which admits he possessed actual notice

not later than August 10, 2012.  Petitioner alleges no facts showing he was ever misled by any

state court or by this Court with regard to the deadline for the filing of his federal habeas corpus

petition.  Nor has petitioner alleged any facts showing that any external impediment precluded or

prevented him from timely filing his federal habeas corpus petition. Under such circumstances, petitioner has failed to allege any facts showing he is entitled to equitable tolling of the AEDPA's one-year statute of limitations in this cause. *See Pace*, 544 U.S. at 418 ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"); *Palacios*, 723 F.3d at 604 (holding a federal habeas petitioner seeking to obtain the benefit of equitable tolling must establish (1) he pursued habeas relief with "reasonable diligence" and (2) some "extraordinary circumstances" stood in the way or "prevented" timely filing); *Sutton*, 722 F.3d at 316.

> As a general rule, equitable tolling operates only in rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable. Equitable tolling thus applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. As a consequence, neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling.

*Sutton*, 722 F.3d at 317 (citations and internal quotation marks omitted).

Here, Petitioner waited more than a year and a half after the one-year deadline for filing his federal habeas corpus petition had expired. Such delay is does not satisfy the requirement of "reasonable diligence." *See Palacios*, 723 F.3d at 606 (holding that delays of four to six months negate a finding of reasonable diligence). Nor has Petitioner alleged any specific facts showing that any external impediment or "extraordinary circumstance" prevented him from timely filing his federal habeas corpus action herein during the AEDPA's one-year limitations period. Petitioner is not entitled to the benefits of equitable tolling in this cause. Petitioner's Section 2254 petition is therefore untimely and properly subject to summary dismissal under § 2244(d).

## IV. CERTIFICATE OF APPEALABILITY

The AEDPA converted the "certificate of probable cause" previously required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a "Certificate of Appealability" ("CoA"). *See Hill v. Johnson*, 114 F.3d 78, 80 (5th Cir. 1997) (recognizing the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); *Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997) (holding the standard for obtaining a CoA is the same as for a CPC).  The CoA requirement supersedes the previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions filed after the effective date of the AEDPA.  *Robison v. Johnson*, 151 F.3d 256, 259 n.2 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100 (1999); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997), *cert. denied sub nom. Monroe v. Johnson*, 523 U.S. 1041 (1998).  Effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in United States District Courts requires this Court to issue or deny a CoA when it enters an order adverse to a federal habeas corpus petitioner.

Under the AEDPA, before a petitioner may appeal the denial of a habeas corpus petition filed under Section 2254, the petitioner must obtain a CoA.  *Miller-El v. Johnson*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. §2253(c)(2).  Likewise, under the AEDPA, appellate review of a habeas petition is limited to the issues on which a CoA is granted. *See Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding that a CoA is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding the scope of appellate review of denial of a habeas petition limited to the issues on which CoA has been granted).

A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S. Ct. 2562, 2569, 159 L. Ed. 2d 384 (2004); *Miller-El v. Johnson*, 537 U.S. at 336, 123 S. Ct. at 1039; *Slack v. McDaniel*, 529 U.S. 473, 483, 120 S. Ct. 1595, 1603, 146 L.Ed.2d 542 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090 (1983). To make such a showing, the petitioner need not show he will prevail on the merits, but rather must demonstrate that reasonable jurists could debate whether (or, for that matter, agree) the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Tennard*, 542 U.S. at 282; *Miller-El*, 537 U.S. at 336; *Slack*, 529 U.S. at 484; *Barefoot*, 463 U.S. at 893 n.4. This Court is required to issue or deny a CoA when it enters a final Order such as this one adverse to a federal habeas petitioner. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

The showing necessary to obtain a CoA on a particular claim depends on the manner in which the District Court disposed of the claim. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El* , 537 U.S. at 338; *accord Tennard*, 542 U.S. at 282. In a case in which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether this Court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484 (holding when

9

a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

Reasonable minds could not disagree over this Court's conclusions that (1) Petitioner's federal habeas corpus petition is untimely under § 2244(d), (2) Petitioner is not entitled to the benefits of the doctrine of equitable tolling in this case, and (3) Petitioner's federal habeas corpus claims are foreclosed because petitioner did not lose any good conduct time credits and is not eligible for release on mandatory supervision. *See Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.) (holding ignorance of the law, even for an incarcerated pro se petitioner, does not excuse prompt filing under the AEDPA's one-year statute of limitation), *cert. denied*, 531 U.S. 1035 (2000). Petitioner is therefore not entitled to a Certificate of Appealability on any of his claims herein.

## V. ORDER

**Accordingly, it is hereby ORDERED that:**

1. The referral of this cause to the Magistrate Judge is **WITHDRAWN.**

2. Petitioner's federal habeas corpus petition, filed January 20, 2015 (ECF no. 1) is **DISMISSED WITH PREJUDICE** as untimely and without arguable merit pursuant to Title 28 U.S.C. §2244(d) and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

3. Petitioner is **DENIED** a Certificate of Appealability on all his claims herein.

4. All other pending motions are **DISMISSED** as moot.

5. The Clerk shall send a courtesy copy of this Dismissal Order and the Final Judgment in this cause to the Texas Attorney General and counsel for the Director, directed to the attention of Edward Marshall, Assistant Attorney General, Chief of Postconviction Litigation Division, and Laura Haney.

**It is so ORDERED.**

**SIGNED this** 28 **day of January, 2015.**

_____
**DAVID A. EZRA**
**SENIOR UNITED STATES DISTRICT JUDGE**